UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY and EARTH ISLAND INSTITUTE,<br><br>Plaintiffs,<br><br>v.<br><br>DEAN GOULD, Sierra National Forest Supervisor; and UNITED STATES FOREST SERVICE,<br><br>Defendants. | CIV. NO. 1:15-01329 WBS GSA<br><br><u>MEMORANDUM AND ORDER RE: MOTION TO INTERVENE</u> |

----oo0oo----

      Plaintiffs brought this action against defendants Dean Gould, the Sierra National Forest Supervisor, and the United States Forest Service ("Forest Service"), alleging that defendants violated the National Environmental Policy Act ("NEPA") and the Administrative Procedure Act ("APA") in approving the French Fire Recovery and Reforestation Project ("French Fire Project"). Sierra Forest Products now seeks to intervene as a defendant pursuant to Federal Rule of Civil

1

Procedure 24(a) or, in the alternative, Rule 24(b).  Plaintiffs do not oppose the motion to intervene and federal defendants take no position.

   A. <u>Intervention of Right</u>

A party may intervene as a matter of right under Rule 24(a) if the party seeking to intervene can demonstrate that (1) the motion is timely; (2) it has an interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest.  Fed. R. Civ. P. 24(a); <u>Donnelly v. Glickman</u>, 159 F.3d 405, 409 (9th Cir. 1998).  In determining whether intervention is appropriate, the Ninth Circuit has held that courts are to be guided by practicable and equitable considerations, not technical distinctions.  <u>Donnelly</u>, 159 F.3d at 409.  Courts "generally interpret the requirements broadly in favor of intervention."  <u>Id.</u>

The timeliness of a motion to intervene depends on three criteria: the current stage of the litigation, the possible prejudice to other parties, and the reason for any delay in moving to intervene.  <u>United States v. Carpenter</u>, 298 F.3d 1122, 1125 (9th Cir. 2002).  All three factors weigh in favor of Sierra Forest Products' intervention in this case.  The Complaint was filed on August 31, 2015 and no substantive proceedings have yet occurred.  (Mot. to Intervene at 5.)  Sierra Forest Products was awarded the government contract for the French Fire timber sale on September 29, 2015 and promptly filed this motion to intervene

2

less than a month later.  (Id.)  Sierra Forest Products has agreed to follow the established summary judgment schedule and thus its intervention will not cause any delays.  (Id.)

        Sierra Forest Products also has an interest related to the property or transaction challenged in this action and disposition of the action may, as a practical matter, impair or impede its ability to protect its interest.  The Ninth Circuit has "taken the view that a party has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation." Cal. ex. rel. Lockyer v. United States, 450 F.3d 436, 441 (9th Cir. 2006). "Whether an applicant for intervention as of right demonstrates sufficient interest in an action is a practical, threshold inquiry, and [n]o specific legal or equitable interest need be established." Citizens for Balanced Use v. Mont. Wilderness Ass'n, 647 F.3d 893, 898 (9th Cir. 2011) (citation omitted).

        Sierra Forest Products has contract rights that may be impacted by the resolution of this litigation.  Sierra Forest Products is depending on the timber from the government contract to keep its mill fully operational through the winter and the court's findings on whether the French Fire Project complies with NEPA and the APA will determine whether its contract can be executed.  (Mot. to Intervene at 7.)  Sierra Forest Products also has a broader interest in any litigation that might impede its ability to obtain timber from federal lands in the future.  (Id.) It wants to ensure that NEPA continues to "achieve a balance between population and resource use," 42 U.S.C. § 4331(b)(5), and demonstrate that this timber harvest complies with the statute.

1  (Id. at 8-9.)

2  Lastly, there is a possibility that the existing government defendants would not adequately represent Sierra Forest Products' interests.  "The burden of showing inadequacy is 'minimal,' and the applicant need only show that representation of its interests by existing parties 'may be' inadequate."  Sw. Ctr. for Biological Diversity v. Berg, 268 F.3d 810, 823 (9th Cir. 2001) (citation omitted).  The court considers: "(1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect."  Id. at 822 (citation omitted).  "[T]he government's representation of the public interest may not be identical to the individual parochial interest of a particular group just because both entities occupy the same posture in the litigation."  Citizens for Balanced Use, 647 F.3d at 899 (citation omitted).

While the interests of Sierra Forest Products and the government are aligned to the extent they both believe the French Fire Project should proceed, Sierra Forest Products has unique economic and employment interests associated with this timber sale.  (Mot. to Intervene at 10.)  Sierra Forest Products needs to obtain timber as quickly as possible in order to keep its mill in operation through the winter and provide full-time employment for its workers.  (Duysen Decl. ¶¶ 5-7, 15.)  It also has a strong interest in harvesting the timber before the value of the wood is lost due to decay.  (Id. ¶ 19.)  While the government

wants the timber removed and hopes to create economic opportunity, it does not have the same need for expedience. Moreover, the timber harvest is only one aspect of the government's project and it must ultimately do what is best for the public interest and most in line with federal regulations. While the two interests seem to be running on parallel tracks now, it is possible they could diverge as litigation proceeds. Accordingly, the court finds that Sierra Forest Products may intervene as a matter of right.

B. Permissive Intervention

Alternatively, permissive intervention may be granted under Rule 24(b) when the intervenor "has a claim or defense that shares with the main action a common question of law or fact" and the motion is timely.  Fed. R. Civ. P. 24(b)(1).  In exercising its discretion, the court must consider whether the intervention "will unduly delay or prejudice the adjudication of the original parties' rights."  Id. R. 24(b)(3).

As is discussed above, Sierra Forest Products has an interest both in the manner in which courts interpret NEPA and in the harvest of timber in the Sierra National Forest--both of which are at issue in this litigation.  Moreover, Sierra Forest Products did not cause undue delay or prejudice as it moved to intervene promptly after securing the government contract and has agreed to the established summary judgment schedule.  Sierra Forest Products also modified its work schedule in order to accommodate plaintiffs and avoid the need for injunctive proceedings.  (Mot. to Intervene at 4.)  As of November 2, 2015, it began work only on project units that are not objected to by

plaintiffs.  (Duysen Decl. ¶ 16.)  The presence of Sierra Forest Products will assist the court in resolving this case, which impacts large and varied interests, and neither plaintiffs nor the government oppose.  Accordingly, even if Sierra Forest Products did not have a right to intervene, the court has the discretion to grant it permissive intervention under Rule 24(b).

       IT IS THEREFORE ORDERED that Sierra Forest Products' motion to intervene be, and the same hereby is, GRANTED.  This party is now joined as a defendant in this action for all purposes.

Dated:  November 10, 2015

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE