UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY and EARTH ISLAND INSTITUTE,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>DEAN GOULD, Sierra National Forest Supervisor; and UNITED STATES FOREST SERVICE,<br><br>　　　　Defendants. | CIV. NO. 1:15-01329 WBS GSA<br><br>MEMORANDUM AND ORDER RE: DEFENDANTS' MOTION TO DISSOLVE THE INJUNCTION |
| SIERRA FOREST PRODUCTS,<br><br>　　　　Defendant-Intervenor. | |

----oo0oo----

Plaintiffs Center for Biological Diversity and Earth Island Institute brought this action against defendants Dean Gould, the Sierra National Forest Supervisor, and the United States Forest Service ("Forest Service"), alleging that

1

defendants violated the National Environmental Policy Act ("NEPA") and the Administrative Procedure Act ("APA") in approving the French Fire Recovery and Reforestation Project ("French Fire Project").  Sierra Forest Products intervened as a defendant.  On December 11, 2015, this court partially granted plaintiffs' motion for summary judgment and enjoined the Forest Service from resuming the logging of roadless areas in the French Fire Project unless and until it complied with the requirements of NEPA by providing a public opportunity to comment on the Wilderness Resource Impact Analysis ("Wilderness Analysis") and responding to comments received.  (Dec. 11, 2015 Order (Docket No. 47).)  Presently before the court is defendants' motion to dissolve the injunction pursuant to Federal Rule of Civil Procedure 60(b)(5).[1]  (Docket No. 51.)

I.   Factual and Procedural Background

In its December 11, 2015 Order, this court concluded that the Forest Service did not provide adequate pre-decisional opportunity for public comment on its Wilderness Analysis.  (Dec. 11, 2015 Order at 19.)  Specifically, the court found that in publishing the Wilderness Analysis on the same day as the final Environmental Assessment ("EA") and Decision Notice and Finding of No Significant Impact ("DN/FONSI"), the Forest Service failed to provide the public with the environmental information regarding potential wilderness designation of land within the French Fire Project that the public needed in order to weigh in and inform the agency decision-making process.  (Id.)

---

[1] Defendant-Intervenor Sierra Forest Products joined in defendants' motion to dissolve the injunction.  (Docket No. 57.)

1          The court found that if the Forest Service had made the
2   Wilderness Analysis available before issuing its final decision,
3   it would have allowed more members of the public to comment on
4   the French Fire Project's potential impact on wilderness areas
5   and enabled plaintiffs to submit a more complete comment.  (Id.
6   at 18.)  The court noted that plaintiffs were able to point to
7   several concrete actions they would have taken had the Wilderness
8   Analysis been available for public comment: plaintiffs would have
9   challenged the Forest Service's finding that specific areas
10  lacked wilderness potential with pictures and videos of the area;
11  had a GIS expert scrutinize the inventory maps relied on by the
12  Forest Service; and attacked the criteria the Forest Service used
13  for creating buffer zones, assessing powerline corridors, and
14  assessing areas with signs of fire suppression actions.  (Id. at
15  19.)  Lastly, the court noted that allowing additional time for
16  public comment would not burden defendants because Sierra Forest
17  Products had already suspended logging operations due to winter
18  weather conditions and, assuming wet winter conditions, would not
19  be able to resume until July 1, 2016 because the French Fire
20  Project guidelines prohibit logging from March 1, 2016 through
21  June 30, 2016.  (Id. at 19 n.4.)
22         In an effort to comply with this Court's Order, the
23  Forest Service issued notice of a public comment period for the
24  Wilderness Analysis and the Burkindine Declaration on December
25  20, 2015.  (Defs.' Mot. to Lift Injunction at 5 ("Defs.' Mot.")
26  (Docket No. 51-1).)  The Forest Service allowed thirty-five days
27  for public comment, responded to the comments, and concluded that
28  the comments did not raise any new, significant information that

1 | required revision to the EA.  (Id.)

2 | II.  Discussion

3 |      Under Rule 60(b)(5), the court may relieve a party "from a final judgment, order, or proceeding" if "the judgment has been satisfied, released or discharged" or if "applying it prospectively is no longer equitable."  Fed. R. Civ. P. 60(b)(5).  Applying the injunction prospectively is no longer equitable if "'a significant change either in factual conditions or in law' renders continued enforcement 'detrimental to the public interest.'"  Horne v. Flores, 557 U.S. 433, 447 (2009) (citation omitted).

     The NEPA implementing regulations promulgated by the Council on Environmental Quality ("CEQ") provide that agencies must "[m]ake diligent efforts to involve the public in preparing and implementing their NEPA procedures" and "solicit appropriate information from the public."  40 C.F.R. § 1506.6(a), (e).  The regulations also empower agencies to "reduce delay by . . . [e]stablishing appropriate time limits for the environmental impact statement process."  Id. § 1500.5.  If a proposed project or activity is to be documented in an EA, the agency must accept comments on the proposed project for a minimum of thirty days beginning on the first day after the date of publication of the legal notice.  36 C.F.R. § 218.25.  The responsible official shall "[d]etermine the most effective timing" for the comment period.  Id. § 218.24.

     Although the Ninth Circuit has "not established a minimum level of public comment and participation required by the regulations governing the EA and FONSI process, [it] clearly

4

[has] held that the regulations at issue must mean something." Citizens for Better Forestry v. U.S. Dep't of Agric., 341 F.3d 961, 970 (9th Cir. 2003); see also Sierra Nev. Forest Prot. Campaign v. Weingardt, 376 F. Supp. 2d 984, 991 (E.D. Cal. 2005) (Levi, J.) ("The way in which the information is provided is less important than that a sufficient amount of environmental information--as much as practicable--be provided so that a member of the public can weigh in on the significant decisions that the agency will make.").

Plaintiffs argue that the injunction should not be dissolved because the Forest Service only accepted comments when the project area was inaccessible due to snow. When plaintiffs submitted a comment on January 19, 2016 objecting to the timing, the Forest Service offered to assist plaintiffs in accessing the French Fire Project with over-snow vehicles, special use permits, maps, and weather updates and to extend the comment period until May 1, 2016, provided that no further extensions would be sought. (Defs.' Mot. Ex. 1, Suppl. Info. Report at 2 (Docket No. 51-2); Defs.' Mot. Ex. 2, Review of Comments to the French Wilderness Analysis and Forest Service Responses at 1, 16-17 (Docket No. 51-3).) Plaintiffs contend they refused the offered assistance because accessing the French Fire Project on over-snow vehicles was unsafe and, even if access was possible, they would not have been able to gather site evidence about the allegedly wild, roadless character of the area or take any informative photographs or video when the ground was covered in snow. (Pls.' Opp'n at 7, 12-13 (Docket No. 55); Hanson Decl. ¶ 4 (Docket No. 55-2).) The conditional extension, plaintiffs argue, was also

inadequate because plaintiffs did not know in January whether the snow would have melted by May 1, 2016 and, as a result, could not promise not to seek additional extensions.[2]  Plaintiffs therefore contend that the timing of the comment period deprived them of the ability to meaningfully participate in the decision-making process.  (Pls.' Opp'n at 7.)

        While it may be true that plaintiffs could not have documented the wilderness characteristics of the land during the winter, this court's December 11, 2015 Order did not require that plaintiffs have an opportunity to do so as a matter of right.  There is also no regulation requiring the Forest Service to ensure commenters have access to the project area during the comment period.  The Forest Service made diligent efforts to involve the public by making the environmental information in the Wilderness Analysis available to the public, providing more than the required thirty days for comment, and carefully responding to the comments submitted.  Though it was not accepted by plaintiffs, the Forest Service also exceeded its obligations by offering a conditional ninety-day extension until May 1, 2016.

        Accordingly, the court finds that defendants have complied with both this court's Order and the requirements of NEPA by providing thirty-five days for public comment on the Wilderness Analysis and responding to the comments submitted.

///

///

---

[2]  Plaintiffs successfully accessed the project area in early May 2016 and collected their desired data.  (Pls.' Opp'n at 2 n.1, 8-9; Hanson Decl. ¶¶ 5-8.)

IT IS THEREFORE ORDERED that defendants' motion to lift the injunction (Docket No. 51) be, and the same hereby is, GRANTED.

Dated:  June 21, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE